UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSE TRINIDAD PINEDA-LOPEZ,

    Defendant.

Crim. No. 05-427-HA
Civil No. 07-70010-HA
OPINION AND ORDER

HAGGERTY, Chief Judge:

    Defendant Jose trinidad Pineda-Lopez (petitioner) has filed a *pro se* Motion to Vacate or Correct Sentence [18] asking the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. This court has considered the petition and the government's Answer. For the following reasons, the petition is denied.

1 - OPINION AND ORDER

## BACKGROUND

Petitioner was charged with illegal re-entry in an indictment filed on October 19, 2005. Petitioner entered a guilty plea pursuant to a written plea agreement on December 16, 2005. There is no dispute that this agreement states that there are no other express or implied agreements, promises or terms between the parties other than those provided in the signed plea agreement. *See* Para. 6 of Exhibit 1 to the Government's Answer to Defendant's Motion to Correct Sentence (hereinafter the Agreement). Petitioner was sentenced on March 6, 2006, at which time he was advised of his waiver of his right to appeal. *See* Para. 5 of the Agreement.

Petitioner also acknowledged that he read and understood each provision of the Agreement. By this acknowledgment petitioner knew that the government would recommend a three-level reduction in his offense level, and a sentence "at the low end of the applicable guideline range." Para. 3 of the Agreement.

## STANDARDS

Petitioner now comes forward and asks the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively*

*show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525 (9th Cir. 1985)); *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle the petitioner to relief. *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

This court has reviewed the Record and the parties' briefs, and has determined that a hearing is unnecessary. The petition is denied.

Paragraph 5 of Petitioner's Plea Agreement in this matter included petitioner's waiver of any right to "appeal both his conviction and the sentence imposed in this case, and also waives his statutory right to file a petition pursuant to Title 28, United States Code, Section 2255 challenging the length of his sentence." During petitioner's entry of plea, this court carefully reviewed the terms of the parties' plea agreement, including the waiver of collateral attack. Petitioner was asked whether he understood that he would not be able to challenge any aspect of this case, including the sentence that might be imposed. Petitioner indicated that he understood this. This waiver is by itself dispositive of the petition before the court. Moreover, assuming but not deciding that petitioner's

claim that the government promised a twenty-four month sentence was before the court properly, the petition would still nevertheless fail.

## ANALYSIS

As noted above, this petition is denied on grounds that petitioner waived his opportunities to challenge his sentence. Moreover, the challenges are without merit.

First, the petition is untimely. The one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. A petitioner is allowed "just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition." *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002); Pub. L. No. 104-132, 110 Stat. 1214. Specifically, the statute provides:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255; *see also United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002).

4 - OPINION AND ORDER

Petitioner signed his Motion to Vacate or Correct Sentence on April 2, 2007, and it was filed on April 12, 2007. Both dates are outside the twelve-month period of limitation.

Finally, there is no evidence presented that petitioner was promised that he would be sentenced to twenty-four months. As noted above, petitioner expressly acknowledged that the Agreement he signed represented the entirety of all promises made by petitioner and the government, and that no other agreements, express or implied, existed. Para. 6 of the Agreement.

## CONCLUSION

Petitioner's briefing and arguments have been considered by this court. These arguments are rejected as previously waived and because the arguments lack sufficient merit to support a petition brought under 28 U.S.C. § 2255. For the foregoing reasons, Jose Trinidad Pineda-Lopez's Motion to Vacate or Correct Sentence under 28 U.S.C. 2255 [18] is DENIED.

IT IS SO ORDERED.

DATED this 24 day of July, 2007.

_____
Ancer L. Haggerty
United States District Judge

5 - OPINION AND ORDER